By the Court.— Barbour, C. J.
There can be no doubt that the three defendants against whom the judgment was recovered in an action brought against them j ointly were joint debtors within the letter of the 5th section of the act of 1838, which empowers a creditor to make a compromise with and discharge one or more of his joint debtors, without affecting the liability of the others. For, certainly, the sum found by the judgment to be ■due from the one party to the other is a debt established and determined by the law, which cannot be disputed so long as the judgment remains unsatisfied either in fact or in law. Indeed, the act of 1845 (p. 110, ch. 257) ■ expressly authorizes a joint debtor in a judgment, thus compromising, to have the judgment satisfied as to himself.
The counsel for the appellant claims, however, that the three defendants against whom judgment was recover in the original action were not joint debtors according to the intent and meaning of the act of 1838, so as to bring them within its provisions, inasmuch as they appear to have been joint tort-feasors, between whom there can be no right to compel contribution ; and he *272 urges that “the infallible test of joint debtorship is that of contribution.” Without considering the question whether the legal proposition thus presented by the learned counsel is or is not correct, it is sufficient to say that the evidence before us is quite insufficient to enable us to determine whether the defendants might or might not be entitled to contribution, inter se-se, in case of payment by one or more of them. True, the action was for negligence; but the negligence imputed t.o Fowler, as owner merely, was quite different from that charged against the Woods as tenants and occupants of the premises, and, for aught that appears, the obligations and duties of one of those classes to the other may have been such as to entitle the latter to recover such sum as he may be compelled to pay under the judgment. The Woods claim in their answer, in effect, that the injury was caused by the fault and negligence of the landlord, while the latter asserts the reverse, and we cannot say which, or whether either, is right.
The judgment should be affirmed, with costs.